IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BOBBY LEE CAMPBELL,<br>Petitioner, | Civil Action No. 7:05CV00526 |
| v. | MEMORANDUM OPINION |
| LISA EDWARDS,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Bobby Lee Campbell, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Campbell challenges the validity of his convictions in the Circuit Court for the County of Augusta. The petition is presently before the court on the respondent's motion to dismiss. For the following reasons, I will grant the respondent's motion.

## BACKGROUND

On March 19, 2003, Campbell was convicted of second degree murder and use of a firearm in the commission of the murder. The Circuit Court sentenced Campbell to a seven-year term of imprisonment for the murder conviction and a three-year term of imprisonment for the firearm conviction.

Campbell appealed his convictions to the Court of Appeals of Virginia. On November 5, 2003, Campbell's petition for appeal was denied. Campbell then filed a petition for appeal in the Supreme Court of Virginia. That petition was refused on April 1, 2004. Campbell has not filed a petition for writ of habeas corpus in state court.

Campbell executed the instant petition on July 20, 2005. The petition was received by the United States District Court for the Eastern District of Virginia on August 4, 2005. By order entered August 16, 2005, the petition was transferred to this court. On November 17, 2005, the

respondent moved to dismiss the petition. The petitioner was given twenty days to respond to the respondent's motion. As of this date, the court has not received a response.

## DISCUSSION

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking direct review. See § 2244(d)(1)(A).[*] In this case, Campbell appealed his convictions to the Supreme Court of Virginia. The Supreme Court of Virginia refused Campbell's petition for appeal on April 1, 2004. Campbell's convictions became final ninety days later on June 30, 2004, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13(1); Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987). Accordingly, Campbell had until June 30, 2005 to file a habeas petition under § 2254. Because Campbell executed this petition more than two weeks after the one-year period of limitation expired, and since Campbell has not demonstrated any grounds for tolling the one-year period, Campbell's petition is untimely. Accordingly, I will grant the respondent's motion to dismiss.

The Clerk is directed to send certified copies of this memorandum opinion and the

---

[*] Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."
Here, the petitioner has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, the court concludes that the one-year period of limitation began to run on the date the petitioner's conviction became final.

accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This  3rd  day of ~~December~~ January, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge

3